**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHEILA LEWIS, Personal Representative of the Estate of Natasha Roark,

Plaintiff,

v.

UNKNOWN OFFICER #1, UNKNOWN OFFICER #2, UNKNOWN OFFICER #3, UNKNOWN MEDICATION DISPENSER #1,

Defendants.
______________________________/

Case No. 24-12092
Hon. Jonathan J.C. Grey

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 29) AND DISMISSING PLAINTIFF'S CAUSE OF ACTION**

## I. INTRODUCTION

On August 9, 2024, Plaintiff Sheila Lewis ("plaintiff"), Personal Representative of the Estate of Natasha Roark ("Roark"), filed this 42 U.S.C. § 1983 action, arising out of Roark's death at the Women's Huron Valley Correctional Facility ("WHV") on August 11, 2021. (ECF No. 1.) Plaintiff amended the complaint on November 7, 2024. (ECF No. 8.) She alleged that numerous defendants violated Roark's Eighth Amendment rights when they were deliberately indifferent to Roark's known mental

health needs while Roark was housed at WHV. (*Id.*) On September 29, 2025, the Court granted a motion to dismiss filed by the three defendants named in the first amended complaint: Heidi Washington, Warden Jeremy Howard, and the Michigan Department of Corrections ("MDOC"). (ECF No. 18.)[1] In the order granting that motion to dismiss, the Court also ordered that:

> [1] as plaintiff may still have viable claims against other persons, the Court is not dismissing plaintiff's cause of action at this time[;]
>
> [2] should plaintiff elect to file a motion for leave to file an amended complaint, **plaintiff must: (a) do so within 30 days of the date of this Order**, (b) not plead any claims that, in light of the Court's rulings in this case, would be futile; specifically, a claim for injunctive or prospective relief; and (c) identify by name the defendant(s) she is suing[;]
>
> [3] to the extent plaintiff has not already ascertained the identity of the defendants to be named, MDOC (and/or its counsel) shall provide plaintiff with the applicable name(s) **within 21 days of the date of this Order**[; and]
>
> [4] if MDOC cannot identify such person(s), MDOC shall notify the Court of its inability to do so **within 21 days of the date of this Order**.

(ECF No. 18, PageID.325–326.)

[1] All "facts" and allegations set forth in the Court's September 29, 2025 order (ECF No. 18) are incorporated by reference in this Order.

On April 16, 2026, after numerous filings, the Court ordered the MDOC to provide the identities (including full names, titles, and last-known addresses) of unknown officer #3, unknown medication dispenser #1, and all other persons that were responsible for: (1) watching live video feed at WHV or about 11:38 a.m. on August 11, 2021; or (2) dispensing medication between April 8, 2021–July 26, 2021, and specifically on June 8, 2021, June 14, 2021, and July 26, 2021. (ECF No. 26, PageID.484.) The Court further ordered that if plaintiff wanted to file a motion for leave to file a second amended complaint, plaintiff had to do so by June 1, 2026. (*Id.*, PageID.485.) In response to the April 16, 2026 Order, the MDOC timely provided plaintiff with 16 names.

Plaintiff did not file a motion for leave to file a second amended complaint on or before June 1, 2026. After the Court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute (ECF No. 28), plaintiff filed a motion for leave to file second amended complaint ("motion for leave") (ECF No. 29) and a response to the order to show cause. (ECF No. 30.) The Court was satisfied with plaintiff's basis for the untimely filings and vacated the order to show cause. (ECF No. 31.) The motion for leave is fully briefed. (*See* ECF Nos. 32, 33.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Amendments are ordinarily allowed absent undue delay, bad faith, repeated failures to cure deficiencies, undue prejudice, or futility. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, a district court may properly deny a plaintiff's "motion for leave to amend if the[] proposed amendment would be futile, i.e., if it does not raise a new claim that could survive a Rule 12(b)(6) motion to dismiss." *Adams v. Med. Protective Co.*, No. 25-3930, 2026 WL 2529825, at *18 (6th Cir. Aug. 27, 2026) (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

A district court may deny a motion for leave to amend as futile because the claims are time-barred. *See Clabo v. Johnson & Johnson Health Care Sys., Inc.*, 982 F.3d 989, 995 n.1 (6th Cir. 2020) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("Although it is generally inappropriate to deny a motion to amend on futility grounds because the claims within a complaint are time-barred, we have previously held that such a denial is permissible if the complaint

affirmatively shows that the plaintiff's claims are barred by an applicable statute of limitations.")).

## III. ANALYSIS

In the proposed second amended complaint, plaintiff excised the three defendants named in the first amended complaint, added the names of the 16 persons identified by MDOC on May 1, 2026, and specified some (in)actions of those 16 persons. Defendants argue that the motion for leave should be denied because: (1) plaintiff did not timely file the  pursuant to the Court's April 16, 2026 Order; (2) plaintiff did not show excusable neglect for her failure to timely file the motion for leave; (3) plaintiff failed to comply with the Eastern District of Michigan's Local Rules, specifically Local Rule 7.1(d)(1), which requires that a motion be accompanied by a brief; and (4) the proposed addition of 16 new defendants is barred by the statute of limitations.

The Court agrees that the motion for leave was not timely filed. However, the Court vacated the order to show cause why the case should not be dismissed for failure to prosecute because plaintiff filed a timely response to the order to show cause **and** the motion for leave. (ECF No. 31, PageID.532.) Although it did not explicitly state as much in its Order,

the Court vacated the order to show cause and accepted the motion for leave as timely filed because, and based upon the fact that plaintiff filed the response to the order to show cause and the motion for leave on June 4, 2026. Therefore, the Court declines defendants' timeliness and excusable neglect arguments.

The Court next notes that plaintiff's motion to leave was filed pursuant to the Court's order to file a motion for leave to file a second amended complaint. The motion for leave cited Rule 15(a) and the Court's April 16, 2026 Order (ECF No. 26) as the basis for filing the motion for leave. In this particular instance, the Court finds that submitting an accompanying brief would not have aided the Court or defendants in understanding the basis for the motion for leave. Accordingly, the Court permits and considers plaintiff's motion for leave in the absence of an accompanying brief. *See* E.D. Mich. L.R. 7.1(d)(1)(A).

However, the Court agrees with defendants' argument that plaintiff's proposed addition of the 16 new defendants is barred by the statute of limitations. Rule 15(c)(1) governs the relation back of amendments, and it provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In the instant case, there is no argument that the applicable statute of limitations allows relation back or that plaintiff has asserted any new claim in the proposed second amended complaint. Instead, it appears that plaintiff relies on Rule 15(c)(1)(C). She argues that she had to obtain the identities of the 16 proposed defendants through Court-ordered identification because the MDOC possessed the records that would allow identification of such persons. She contends the issue of statute of limitations should not be addressed in the context of the motion for leave and should instead be fully briefed on a Rule 12(b)(6) motion. The Court

disagrees since: (1) plaintiff had the opportunity to fully respond to defendants' argument in her reply brief; and (2) as discussed below, the law in the Sixth Circuit is clear that plaintiff's claims against the newly named 16 proposed defendants are time-barred.

Michigan's three-year statute of limitations for personal injury claims . . . governs section 1983 actions when, as is the case here, the cause of action arises in Michigan. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988). The statute of limitations therefore commenced on August 11, 2021, the date of Roark's death, and expired on August 10, 2024. Plaintiff filed her original complaint within the statue of limitations on August 8, 2024, at which time she sued Washington, Howard, three unknown officers and one "medication dispenser." (ECF No. 1.)

Rule 15(c)(1)(C) provides that an amendment that changes the party or the naming of the party against whom a claim is asserted relates back only where the party to be brought in by amendment (i) received such notice of the action that it would not be prejudiced in defending on the merits, and (ii) know or should have known that the action would have been brought against it "but for a mistake concerning the proper

party's identity." Fed. R. Civ. P. 15(c)(1)(C). In other words, the rule permits correction of misnomers but not the addition of new parties after the statute of limitations has expired. *Asher v. Unarco Materials Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). "[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Id.* (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (other citations omitted)).

It is well-established law in the Sixth Circuit that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *see also Wright v. Louisville Metro Gov't*, 144 F.4th 817, 824 (6th Cir. 2025) (same), *cert. denied sub nom. Wright on Behalf of Lyle v. Louisville Metro Gov't*, 146 S. Ct. 1472 (2026); *Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548–549 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party."). New parties may not be added after the statute of limitations has run, and such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)(B). *Cox*, 75 F.3d at 240;

*see also Burdine v. Kaiser*, No. 3:09CV1026, 2010 WL 2606257, at **2–3 (N.D. Ohio June 25, 2010); *Cross v. City of Detroit*, No. 06-11825, 2008 WL 2858407, at *1 (E.D. Mich. July 23, 2008).

Plaintiff argues that she did not discover the identity of the 16 new defendants until May 1, 2026 (ECF No. 33, PageID.560 ("MDOC did not provide the final disclosures until May 1, 2026")), so "it cannot be disputed that failure to add these parties earlier results from a lack of knowledge about their identities rather than a mistake." *Burdine*, 2010 WL 2606257, at *3 (citing *Moore v. State of Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008), and *Cox,* 75 F.3d at 240). And, "[b]ecause the proposed amendment reflects a prior lack of knowledge, it does not arise from mistake and cannot relate back to the original complaint." *Burdine*, 2010 WL 2606257, at *3 (citing *Johnson v. Constantellis*, 221 F. App'x 48, 50 (2nd Cir. 2007)).

The Court finds that plaintiff's proposed second amended complaint "would be futile, in that all claims by and against all parties sought to be added would be barred by the applicable statute of limitations." *Home Quarters Real Est. Grp., LLC v. Michigan Data Exch., Inc.*, No. 2:07-CV-12090, 2010 WL 11545057, at *3 (E.D. Mich. June 28, 2010). The Court's

conclusion is based on the fact that plaintiff's motion for leave to file second amended complaint was not filed until June 4, 2026, i.e., plaintiff did not attempt to name the 16 new defendants until nearly 20 months after the statute of limitations expired on August 10, 2024.

For the reasons stated above, the Court exercises its discretion and **DENIES** plaintiff's motion for leave. Further, based on the Court's rulings in its September 29, 2025 Order and this Order, neither the first amended complaint nor the second amended complaint alleges a claim against any remaining defendant, and any claim plaintiff could assert against any additional defendant(s) will be time-barred. Accordingly, plaintiff's cause of action is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiff's motion for leave (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Date: November 25, 2026

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager